| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES—GENERAL | | |

| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 1 of 10 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO DISMISS [26]**

On July 23, 2018, Plaintiff Manoucher Bibiyan filed a First Amended Complaint ("FAC") against Defendant Marjan Television Network, Ltd., an entity incorporated in the United Kingdom. [Doc. # 22.] The FAC asserts the following causes of action: (1) copyright infringement, (2) intentional interference with prospective economic relations, (3) negligent interference with prospective economic relations, (4) violations of California Business & Professions Code section 17500 *et seq.*, (5) common law unfair competition, (6) violations of California Business & Professions Code section 17200 *et seq.*, (7) unjust enrichment, (8) imposition of a constructive trust upon illegal profits, (9) accounting, and (10) declaratory relief. FAC at 33–42.[1] On August 28, 2018, Defendant moved to dismiss the FAC for lack of personal jurisdiction. [Doc. # 26.] The motion has since been fully briefed. [Doc. ## 27, 28.] Having duly considered the parties' written submissions, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** this action **without prejudice**.

**I.**
**REQUEST FOR JUDICIAL NOTICE & EVIDENTIARY OBJECTIONS**

In conjunction with his opposition to the instant motion, Plaintiff submitted a request for judicial notice of various documents (*e.g.*, Google, Inc.'s Form 8-K). [Doc. # 27-4.] The Court **DENIES** Plaintiff's request as **moot** because it may consider these documents without judicially noticing them. *See Marvrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (noting that a district court may consider "written materials" concerning "jurisdictional facts" when resolving a motion to dismiss for lack of personal jurisdiction). Additionally, each party has lodged objections to evidence submitted in connection with this motion. [Doc. ## 27-3, 29.] Any evidentiary objection that is not explicitly addressed herein is **OVERRULED** as

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 2 of 10 |

**moot**, given that the inclusion or exclusion of such evidence would not change the Court's ruling on Defendant's motion.

## II.
## FACTUAL BACKGROUND

Plaintiff fled Iran in the late 1970s and has since resided in Los Angeles. *See* FAC at ¶ 1. "Once in California, Plaintiff created [29] videos about music from Iranian culture and had them broadcasted" via "Los Angeles County-based television broadcasters whose broadcast signal did not leave Southern California . . . ." *See id.* at ¶¶ 1, 41, 43–71. Plaintiff believes that Defendant may have obtained these videos by directly or indirectly copying them from such broadcasts or by acquiring copies of them from a third party. *See id.* at ¶ 41. Beginning in 2011, Defendant infringed on Plaintiff's copyrights to these 29 music videos by broadcasting them on its television channels and website. *See id.* at ¶¶ 72–100, 103.

Defendant is a United Kingdom-based television network that creates and broadcasts Persian-language entertainment programming for Iranians living in Iran. *See* Abbassi Decl. at ¶¶ 1–3 [Doc. # 26-1]. Defendant's business operations are conducted in the United Kingdom, which is where its employees reside, it produces content, and it owns the equipment used to broadcast its signal. *See id.* at ¶ 10. Although Defendant has filmed and conducted interviews all over the world, including in locations within the United States, its film crew and equipment are based in the United Kingdom. *See id.* at ¶ 13. While Defendant previously filmed content in Los Angeles, none of Plaintiff's claims relate to content Defendant filmed in Los Angeles. *See id.* Defendant delivers its programming to Iranians through a satellite transmission that is directed to the Middle East, which can be accessed by viewers with satellite dishes in the Middle East and in parts of Europe and Asia. *See id.* at ¶¶ 4–5. Defendant's satellite feed is not accessible from the United States, and its content is not licensed for distribution in the United States. *Id.* at ¶ 11.

Defendant also maintains a website and a mobile application, which offer the same content as the satellite broadcast and are available to any user with an internet connection. *See id.* at ¶ 7. The website and the mobile application do not generate any income from, or feature any advertising directed to, persons living in the United States. *See id.* Defendant's content is also available on third-party platforms that do not specifically target persons living in the United States. *See id.* at ¶ 8. For instance, GL WIZ IPTV is a Canadian company that offers such a

UNITED STATES DISTRICT COURT JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-1866-DMG (MRWx)** | Date | February 4, 2019 |
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 3 of 10 |

platform—*i.e.*, a "set-top box" that allows customers to stream certain content (including Defendant's content) through the internet to their televisions. *See id.*[2]

### III.
### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). "When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Because there is no statutory method for resolving [personal jurisdiction], the mode of its determination is left to the trial court." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

When adjudicating a motion to dismiss brought pursuant to Rule 12(b)(2), a district court may consider evidence outside of the pleadings, including affidavits submitted by the parties, and may order discovery on jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Although the facts in the complaint are generally accepted as true on a motion to dismiss, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc*, 557 F.2d at 1284. Yet, "'conflicts between the facts contained in declarations submitted by the two sides must be resolved in' the plaintiff's favor." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1160 (9th Cir. 2007) (quoting *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003)).

---

[2] Plaintiff objects on the following grounds to the portions of Abbassi's declaration that are cited in the last two paragraphs of this section of the Order: lack of foundation, improper lay opinion, hearsay, and violations of the best evidence rule. *See* Pl.'s Evid. Objs. at 4–19 [Doc. # 27-3]. The Court **OVERRULES** these objections. Abbassi has personal knowledge of the nature and scope of Defendant's operations because he is Defendant's co-founder and managing director. *See* Abbassi Decl. at ¶ 1 [Doc. # 26-1]; Fed. R. Evid. 602; Fed. R. Evid. 701. The attestations in Abbassi's declaration are not hearsay. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (noting that a court may consider "pleadings and affidavits" on a motion to dismiss for lack of personal jurisdiction). These aspects of Abbassi's declaration do not run afoul of the best evidence rule because they are not offered to prove the contents of a particular "writing, recording, or photograph[.]" *See* Fed. R. Evid. 1002.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 4 of 10 |

## IV.
## DISCUSSION

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix*, 647 F.3d at 1223; Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").[3] California's long-arm statute "is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *See id.* (citing, *inter alia*, Cal. Civ. Proc. Code § 410.10). Consistent with due process, a court may exercise personal jurisdiction over a nonresident defendant only if that defendant has "certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). Due process is satisfied when a court has either specific or general jurisdiction over a defendant. *See id.* at 1223, 1227–28.

### A. Specific Jurisdiction

Plaintiff argues that Defendant has sufficient minimum contacts with California such that this Court has specific jurisdiction over Defendant. *See* Opp'n at 17–26. A district court utilizes a three-part test to determine whether it may exercise specific jurisdiction over a non-resident defendant:

(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendants' forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

---

[3] Plaintiff contends that even if a California court could not exercise personal jurisdiction over Defendant, jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2). *See* Opp'n at 26. The Court addresses this argument *infra* Section IV.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 18-1866-DMG (MRWx)** | Date | February 4, 2019 |
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 5 of 10 |

*Id.* at 802. Once the plaintiff meets the burden of establishing the first two prongs, the burden shifts to the defendant, who must put forth a "compelling case" that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

The first prong of the three-part test is satisfied in one of two situations: (1) when the defendant purposefully avails itself of the privilege of conducting activities in the forum, or (2) when the defendant purposefully directs its activities toward the forum. *See Schwarzenegger*, 374 F.3d at 802 ("We often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction . . . but availment and direction are, in fact, two distinct concepts."). "A purposeful availment analysis is most often used in suits sounding in contract" and "[a] purposeful direction analysis . . . is most often used in suits sounding in tort." *See id.* at 802. Because the claims against the Defendant sound in tort, the Court will apply a purposeful direction analysis. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) ("Where . . . a case sounds in tort, we employ the purposeful direction test.").

### 1. Purposeful Direction

To determine whether a defendant has purposefully directed its activities toward the forum state, courts apply the three-part test established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Mavrix*, 647 F.3d at 1228–32. Under the *Calder* "effects" test, a defendant is subject to jurisdiction in a forum state where it "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Foods Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). In 2014, the Supreme Court revisited the test and emphasized that "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."[4] *Id.*

---

[4] Plaintiff contends that the *Calder* test "is satisfied in copyright cases when [a] plaintiff brings suit in a forum where he resides, and the defendant is aware that the plaintiff resides there." *See* Opp'n at 18 (citing *Columbia Pictures Television v. Krypton Broad.*, 106 F.3d 284, 289 (9th Cir. 1997)). In the wake of *Walden*, however, the Ninth Circuit has found that mere awareness of a plaintiff's residence is insufficient. *See Axiom Foods* 874 F.3d at 1069–70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 6 of 10 |

### a. Intentional Act

The first prong of the purposeful direction test is met. Plaintiff alleges that Defendant broadcasted Plaintiff's videos on its television channel and websites. *See* FAC at ¶¶ 72–100; *see also id.* at ¶¶ 103, 112, 122, 128, 131, 137, 141, 145, 151, 153 (all ten of Plaintiff's claims are predicated on these acts). These broadcasts constitute intentional acts on the part of Defendant. *Cf. Axiom Foods*, 874 F.3d at 1069 ("[The defendant's agent] added [the plaintiffs'] logos to the newsletter and sent it to a list of recipients. This was unquestionably an intentional act, so the first prong of the test is satisfied.").

### b. Express Aiming

Plaintiff's principal contention appears to be that Defendant "expressly aimed" its intentional acts toward California by posting Plaintiff's videos on its website and on certain third-party websites (*e.g.*, www.ir24.tv), and by offering such content for download on its mobile application. These websites and the mobile application are accessible in California. *See* Opp'n at 20. Yet, "[if] the defendant merely operates a website [or other electronic medium] . . . that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *See DFSB Kollective Co. Ltd. v. Bourne*, 897 F. Supp. 2d 871, 881 (N.D. Cal. 2012) (quoting *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011)). Put differently, Plaintiff must show that by electronically broadcasting his videos, Defendant sought to "exploit[] . . . the California market for its own commercial gain." *See id.* (quoting *Mavrix v. Brand Techs.*, 647 F.3d 1218, 1229 (9th Cir. 2011)) (internal quotation marks omitted).

Abbassi attests that Defendant's mobile and web platforms do not generate any income from persons in the United States, and that these platforms do not include advertisements that are directed to individuals in this country. *See* Abbassi Decl. at ¶ 7 [Doc. # 26-1]. The third-party platforms that carry Defendant's content do not target the United States or California. *See id.* at ¶ 8. Plaintiff counters that Defendant targeted California because the copyrighted videos posted on www.irtv24.com are accompanied by advertisements for a credit repair company located in Tarzana, California. *See* Opp'n at 10, 20; *see also* Pl.'s List of Exs., Exs. 17–18 at 54–66 (screenshots of www.irtv24.com, along with screenshots of the credit repair company's website) [Doc. # 27-6]. According to Abbassi, however, www.irtv24.com does not have Defendant's permission to stream its content. *See* Abbassi Decl. at ¶ 9 [Doc. # 26-1].[5] Moreover, even if

---

[5] For the reasons discussed *supra* note 2, the Court **OVERRULES** Plaintiff's objections to paragraph 9 of Abbassi's declaration. *See* Pl.'s Evid. Objs. at 13–14 [Doc. # 27-3].

UNITED STATES DISTRICT COURT       JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 7 of 10 |

Defendant authorized www.irtv.com to broadcast its content, there is no indication that Defendant had any control over which advertisements appeared on that site, let alone that Defendant was even aware of the credit repair company's advertisements. *See Axiom Foods*, 874 F.3d at 1068 ("[T]he relationship between the nonresident defendant, the forum, and the litigation 'must arise out of contacts that the "defendant *himself*" creates with the forum State.'" (quoting *Walden*, 571 U.S. at 284)).

Plaintiff further claims that the "express aiming" prong of the *Calder* test is satisfied because certain entities tangentially connected with Defendant's web and mobile platforms have operations in California and Defendant supposedly acquired the videos in question from two California-based entities. *See* Opp'n at 18–21. Specifically, Plaintiff contends that Defendant's mobile application is available on Google Play and Apple, Inc.'s "App Store[,]" and that both Google and Apple are California corporations. *See id.* at 20. Defendant's website is hosted and serviced by a California entity on servers in California, and that this website's domain name is registered with another entity that has a Los Angeles-based subsidiary. *See id.* Plaintiff's videos are available on YouTube and Facebook, both of which are California-based businesses. *See id.* at 20–21. Additionally, Plaintiff claims that Defendant obtained the videos from two Los Angeles-based entities—*i.e.*, Caltex Records and Taraneh Records. *See id.* at 18–19. Assuming *arguendo* that all of these assertions are true, they have no bearing on whether Defendant intended to exploit the Persian music video viewership market in California.[6] *See Axiom Foods*, 874 F.3d at 1068 ("[T]he minimum contacts analysis examines 'the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'" (quoting *Walden*, 571 U.S. at 285)); *see also DFSB*, 897 F. Supp. 2d at 883 ("To adopt [the] [p]laintiffs' reasoning [that having an account on Facebook constitutes express aiming] would render the 'expressly aimed' prong of the *Calder* test essentially meaningless as it has become ubiquitous for businesses—large and small—to maintain Facebook and/or other similar accounts for marketing purposes and would subject millions of persons around the globe to personal jurisdiction in California.").

In sum, Plaintiff has not demonstrated that Defendant expressly aimed its broadcasts at California.[7]

---

[6] Similarly, the fact that www.ir24.tv is hosted and serviced by California-based entities does not demonstrate that Defendant expressly aimed its intentional conduct at California or the United States. *See* Opp'n at 20.

[7] Plaintiff further argues that jurisdiction is proper under the stream of commerce test. *See* Opp'n at 21–22. Whether that test applies to copyright cases is unclear. Even if the test could apply in this context, Plaintiff would not satisfy it because "a defendant's awareness that the stream of commerce may or will sweep the product [(*i.e.*, Plaintiff's videos)] into the forum state does not convert the mere act of placing the product into the stream of

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |

| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 8 of 10 |

       **c.**      **Harm Defendant Knows Is Likely to Be Suffered in the Forum**

Plaintiff alleges that he had a meeting in Los Angeles in September 2016 with Abbassi's father about his claim that Defendant broadcasted the videos at issue without Plaintiff's permission. *See* Opp'n at 10–12, 18. Plaintiff also argues that he later contacted Abbassi and one of Defendant's producers via telephone to discuss his claims of infringement. *See id.* at 12, 19. Assuming without deciding that these events occurred, Plaintiff's allegations cannot satisfy the *Calder* test. Plaintiff claims he suffered harm stemming from *Defendant's purported acts of infringement*. *See, e.g.*, FAC at ¶¶ 105, 116, 124, 131, 137, 141–42, 145–46, 151, 153–55. Plaintiff does not contend that he suffered any injury as a result of his meeting with Abbassi's father or his subsequent discussions with Abbassi and Defendant's producer. Thus, even if these contacts constitute "intentional acts" that Defendant "expressly aimed" at California, they do not satisfy the third prong of the *Calder* test.

      **2.**      **Whether the Claims Arise Out of or Relate to Contacts with the Forum**

Plaintiff contends that Defendant has had other contacts with this forum. For example, Defendant filmed some of its other content in Los Angeles. *See* Opp'n at 18–19. Abbassi lived in Los Angeles ten years ago and sometimes visits the city because his family resides here. *See id.* at 19. In 2016, Abbassi asked whether he could interview Plaintiff about the Iranian revolution. *See id.* Plaintiff's claims of infringement would exist regardless of whether Defendant and/or Abbassi had these contacts with the forum. It follows that they cannot support the Court's exercise of specific jurisdiction over Defendant on the claims asserted. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("This court has referred to the second prong of the specific jurisdiction test as a 'but for' test."). Because Plaintiff has not satisfied the first and the second prongs of the specific jurisdiction analysis, the Court need not proceed to the third prong.

**B.**      **General Jurisdiction**

Plaintiff contends that even if specific jurisdiction is improper, Defendant's "contacts with California and the U.S." are sufficiently substantial, continuous, and systematic to permit this Court to exercise general jurisdiction over Defendant. *See* Opp'n at 26–27. Specifically, Plaintiff argues that Defendant "broadcasts its media to the viewers of California and the U.S. every day for 24 hours a day[,] . . . and Defendant uses over 4 California-based companies to conduct business every second of the day." *See id.* at 27. Plaintiff also vaguely alleges that

---

commerce into an act purposefully directed toward the forum state." *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 9 of 10 |

Abbassi is "in regular communication[] with his family in Los Angeles and uses them to conduct Defendant's business[,]" and that Abbassi conducted "substantial business in Los Angeles, California over 10 years ago and continues to do so as Defendant's director."  *See id.* Nevertheless, Abbassi attests that Defendant is incorporated and based in the United Kingdom and produces its content and broadcasts its signal from that country.  *See* Abbassi Decl. at ¶¶ 2, 10.  Thus, Plaintiff's allegations fall short of the "exacting standard" applicable to claims of general jurisdiction.  *See Mavrix*, 647 F.3d at 1224–27 (holding that contacts giving rise to general jurisdiction must "'approximate physical presence' in the forum state," and that maintaining a "'highly interactive' website[,]" having "business relationships with a California-based" entity, and employing a "sales force" in the forum are insufficient (quoting *Schwarzenegger*, 374 F.3d at 801; *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984))).

### C.    Personal Jurisdiction Under Rule 4(k)(2)

Plaintiff argues that even if a California court could not exercise personal jurisdiction over Defendant, Federal Rule of Civil Procedure 4(k)(2) permits him to bring suit against Defendant in this Court.  *See* Opp'n at 26.  "The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [the defendant] and the forum state, [courts] consider contacts with the nation as a whole."  *See Axiom*, 874 F.3d at 1072 (quoting *Holland Am. Line*, 485 F.3d at 462).

Rule 4(k)(2) is of no assistance to Plaintiff because he failed to identify any contacts with the United States that were of a different "nature and quality" than Defendant's contacts with California.  *See Axiom Foods*, 874 F.3d at 1068 (holding that a court must consider the "nature and quality" of a defendant's contacts when ruling on a Rule 12(b)(2) motion).  Put differently, Plaintiff in no way differentiates between Defendant's purported contacts with California and its contacts with other parts of the United States.  Thus, aggregating such contacts does not remedy the jurisdictional deficiencies discussed in this Order.

### D.    Jurisdictional Discovery/Leave to Amend

Plaintiff does not request leave of the Court to conduct jurisdictional discovery, nor does he make the necessary showing to permit him to undertake such discovery.[8]  *See Mitan v.*

---

[8] Plaintiff instead requests leave to "conduct limited discovery and to submit briefing on United Kingdom law" in order to show that the third prong of the specific jurisdiction test has been met.  *See* Opp'n at 24.  The Court

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 18-1866-DMG (MRWx) | Date | February 4, 2019 |
|---|---|---|---|
| Title | *Manoucher Bibiyan v. Marjan Television Network, Ltd., et al.* | Page | 10 of 10 |

*Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) ("In order to obtain discovery on jurisdictional facts, the plaintiff must at least make a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant."). For that same reason, Plaintiff is unable to cure the jurisdictional deficiencies discussed in this Order. Therefore, the Court grants Defendant's motion without affording Plaintiff leave to amend. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) ("Assuming a substantive or a jurisdictional defect in the pleadings, 'dismissal without leave to amend is proper only if it is clear . . . . that the complaint could not be saved by any amendment.'" (quoting *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003))).

## V.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction and **DISMISSES** this action **without prejudice**.

**IT IS SO ORDERED.**

---

**DENIES** that request as **moot**, given that the Court would be unable to exercise personal jurisdiction even if Plaintiff prevailed on the third prong.